IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLD REPUBLIC GENERAL INSURANCE CORPORATION, Plaintiff | ) ) ) ) C.A.No. 15-31ERIE |
| vs. | ) ) District Judge Rothstein |
| SCOTTSDALE INSURANCE COMPANY, Defendant. | ) Magistrate Judge Baxter ) |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that Plaintiff's motion for summary judgment [ECF No. 16] be granted and Defendant's motion for summary judgment [ECF No. 13] be denied.

II. REPORT

A. Relevant Procedural History

This is a declaratory judgment action between two insurance companies brought pursuant to 28 U.S.C. § 2201. Plaintiff Old Republic General Insurance Company seeks a declaration as to Defendant Scottsdale Insurance Company's duty to provide a defense to certain parties in an underlying state court personal injury action.[1]

---

[1] As relief in the complaint, Plaintiff seeks, in relevant part:

> Declaratory judgment against Scottsdale declaring that Scottsdale is obligated to defend and indemnify E.E. Austin in connection with the underlying action;

1

Presently before the Court are cross motions for summary judgment.

**B. Standard of Review**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In evaluating the evidence, the court must interpret the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor. Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009). There is no genuine issue for trial only when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The standard is the same when cross motions for summary judgment have been filed in a declaratory judgment action. See Lawrence v. City of Phila., 527 F.3d 299, 310 (3d Cir. 2008). When confronted with cross motions for summary judgment, the "court must rule on each party's motion on an individual and separate basis, determining for each side, whether a

---

> That Scottsdale is obligated to reimburse Old Republic for the defense costs and expenses paid in connection with the underlying action to date; and
>
> That Scottsdale is obligated to reimburse Old Republic for the fees and expenses incurred in connection with the instant declaratory judgment action.

ECF No. 1.

2

judgment may be entered in accordance with the Rule 56 standard." Schlegel v. Life Ins. Co. of
N.Am., 269 F.Supp.2d 612, 615 n.1 (E.D. Pa. 2003) quoting Charles A. Wright, Arthur R. Miller
& Mary Kay Kane, Federal Practice and Procedure § 2720 (1998). In a case where no facts are
contested, and what lies before the court are solely legal questions, summary judgment on all
contested issues is appropriate. Methode Electronics, Inc. v. Elco Corp., 385 F.2d 138, 139 (3d
Cir. 1967).

Under Pennsylvania law, which applies herein, it is well established that the interpretation of an insurance policy is a matter of law that may be properly resolved at summary judgment. Nationwide Mut. Inc. Co. v. Nixon, 682 A.2d 1310, 1313 (1996). See also Gardner v. state Farm Fire & Cas. Co., 544 F.3d 553, 558 (3d Cir. 2008).

### C. Undisputed Facts

In this federal court action, two insurance companies seek a decision as to which of them must provide the defense to a general contractor in a lawsuit by the employee of a subcontractor in a negligence action in state court. At the time of the accident giving rise to the underlying negligence action, Daniel Piotrowski was employed by DH Steel. DH Steel was a subcontractor to E.E. Austin & Sons on a construction and renovation project for the Erie Water Works (a project designated as the "Wasielewski Project"). The sub-contract between E.E. Austin and DH Steel provided that DH Steel would "provide all labor, materials, supervision, tools and equipment to complete the Structural Steel and Miscellaneous Metals" per listed specifications for the Wasielewski project. ECF No. 16-3. The subcontract required that DH Steel obtain insurance coverage, specifically comprehensive general liability coverage providing for "bodily

3

injury for personal injury" and that policy must include E.E. Austin as an Additional Insured on the policy. ECF No. 16-3. DH Steel obtained such a policy from Scottsdale Insurance. The blanket Additional Insured endorsement of the Scottsdale Policy provides, in relevant part:

> A. Section II – **Who is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for 'bodily injury,'' property damages' or 'personal and advertising injury' **caused, in whole or in part**, by:
>
>> i. Your acts or omissions; or
>>
>> ii. The acts or omission of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured.

ECF No. 16-4, page 38 (emphasis added).

At the time of the Piotrowski accident on August 25, 2011, DH Steel (the subcontractor) was covered by the commercial general liability policy issued by Scottsdale, and at the same time, E.E. Austin (the general contractor) was covered by a commercial general liability policy issued by Old Republic.

On August 13, 2013, Piotrowski filed a Writ of Summons against E.E. Austin in the Erie County Court of Common Pleas. The following day, Austin notified its insurance carrier Old Republic of the filing. Several days later, Old Republic's claims administrator (Gallagher Basset Services Inc.) tendered the defense of E.E. Austin to DH Steel's insurance carrier, Scottsdale. Scottsdale demurred, neither accepting nor rejecting the defense of Austin, pending further investigation.

4

On May 12, 2014, Piotrowski filed his complaint against E.E. Austin in state court. He sought damages for personal injuries he suffered while working on the Wasielewski project as an employee of DH Steel. Old Republic, through its claims administrator Gallagher Basset, sent a request to Scottsdale on June 4, 2014, reiterating its request that Scottsdale defend E.E. Austin from Piotrowski's lawsuit. In August of 2014, Scottsdale rejected this request, stating it was under no obligation to provide Austin with coverage and/or a defense.

On January 21, 2015, Old Republic filed the instant declaratory judgment complaint against Scottsdale, seeking a declaration that Scottsdale has a duty to defend and to indemnify E.E. Austin in connection with the Piotrowski lawsuit. Old Republic seeks a declaration that Scottsdale must reimburse Old Republic for the costs and expenses of its defense of defending E.E. Austin in state court to date, as well as fees and expenses incurred in this action. Old Republic also seeks attorney fees, costs and interest to be paid by Scottsdale.

The parties have filed cross motions for summary judgment, opposition briefs and reply briefs. Throughout the briefing on the cross motions for summary judgment, the parties expended considerable effort on two district court decisions in the case of Ramara, Inc. v. Westfield Ins. Co. 298 F.R.D. 219 (E.D. Pa 2014) and 69 F.Supp.2d 490 (E.D. Pa. 2014). Recently, the United States Court of Appeals for the Third Circuit issued a precedential opinion in the appeal of those district court decisions. Ramara, Inc. v. Westfield Ins. Co., ___ F.3d ___, 2016 WL 624801 (3d Cir. Feb 17, 2016). The Third Circuit's decision is particularly instructive to the resolution of this case.

### D. Analysis

The facts before the courts in Ramara are similar to the facts presented here:

> Anthony Axe was injured during the course of his employment by [subcontractor] Fortress while working at Ramara's parking garage. Axe filed a lawsuit, the underlying action, seeking damages for his injures in [state court] against Ramara, as the property owner, and Sentry, as the general contractor, but he did not include Fortress, his employer, as a defendant, for [...] it would have had immunity in the action by reason of the Pennsylvania Workers' Compensation Act. When Ramara sought a defense under the Policy, Westfield [the subcontractor's insurance carrier] refused to provide that defense as it contended that the Policy did not insure Ramara for Axe's claims arising out of the incident.

Ramara, 2016 WL 624801, at *2. In deciding the appeal, the Circuit affirmed the district court's decision and held that as an additional insured under the policy, Ramara was entitled to a defense in the underlying state court negligence action.

The Third Circuit's decision in Ramara provides the framework for the court's analysis here. The Ramara Court examined the key provisions of the insurance policy as they related to the allegations of the complaint in the underlying state court action. Id. at *8 ("Under Pennsylvania law, which is applicable on the insurance coverage issue, a court ascertaining whether an insurer has a duty to defend its insured makes its determination by defining the scope of coverage under the insurance policy on which the insured relies an comparing the scope of coverage to the allegations of the underlying complaint.").

Here, as in Ramara, Pennsylvania law instructs that the court must decide the ultimate question of coverage by comparing the allegations of the Piotrowski complaint to the language of the policy. Id. at *8. "Importantly, Pennsylvania adheres to the 'four corners' rule (also known as the 'eight corners' rule), under which an insurer's potential duty to defend is 'determined solely by the allegations of the complaint in the underlying action.'" Id. at * 8, quoting Kvaerner Metals

6

Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co., 908 A.2d 888, 896 (Pa. 2006). "If the allegations of the underlying complaint *potentially* could support recovery under the policy, there will be coverage at least to the extent that the insurer has a duty to defend its insured in the case." Id. (italics in original) citing Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 226 (3d Cir. 2005). See also UPS Freight v. National Union Fire Ins. Co. of Pittsburgh, 428 Fed.App'x 168, 172 (3d Cir. 2011). In conducting this "eight corners" examination, Pennsylvania law requires that because "the insurer drafts the policy, and controls coverage," the court construe any ambiguities in the policy "in favor of the insured to further the contract's prime purpose of indemnification and against the insurer." Kvaerner, 908 A.2d at 897.

The Scottsdale provision[2] is identical to the insurance policy provision in Ramara. There, the Third Circuit determined that under this clause the insurer must defend the additional insured party pursuant to either the "but for" or proximate cause interpretation of the clause. Ramara,

---

[2] The blanket Additional Insured endorsement of the Scottsdale Policy provides, in relevant part:

> A. Section II – **Who is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for 'bodily injury,'' property damages' or 'personal and advertising injury' **caused, in whole or in part**, by:
>
>   i. Your acts or omissions; or
>
>   ii. The acts or omission of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured.

ECF No. 16-4, page 38 (emphasis added).

7

2016 WL 624801, at * 10. The <u>Ramara</u> court then reviewed the complaint in the underlying state court action under the proximate causation standard because it was more demanding than the "but for" requirement. <u>Id</u>.

This Court will conduct the same proximate cause analysis. Proximate causation is defined as a cause which was "a substantial factor in bringing about the plaintiff's harm." <u>Bouriez v. Carnegie Mellon Univ.</u>, 585 F.3d 765, 771 (3d Cir. 2009) <u>citing</u> Restatement (Second) of Torts § 433. So then, it must be determined whether the Piotrowski complaint potentially alleges that DH Steel's acts or omissions were a substantial factor in Piotrowski being injured.

*The Allegations of Piotrowski's Complaint in the State Court Action[3]*

Piotrowski alleges he was injured during the course of his employment with DH Steel, a subcontractor to E.E. Austin on a project for Erie Water Works. On the Erie Water Works project, E.E. Austin subcontracted with the Spaeder Company to remove water silos and tanks from the plant's chemical building and extending upward through the roof. E.E. Austin subcontracted separately with DH Steel to close the opening in the roof left by Spaeder's removal of the water tanks.

E.E. Austin constructed and installed a fall protection system on the roof of the chemical building. The fall protection system included a horizontal life line ("H-Line") to be used by various contractors and workers to ensure the safety of the workers in the event of a fall.

---

[3] This Court recognizes that the constraints of Pennsylvania's Workers' Compensation Act precluded Piotrowski from naming his employer DH Steel in the underlying action. As the Third Circuit explained in <u>Ramara</u>, "the practical effect of [the Workers' Compensation Act's] grant of tort immunity to employers was that Axe's attorney in drawing the complaint neither would explicitly name Fortress [his employer] nor feature it prominently in the complaint's allegations." <u>Id</u>. at *15.

8

The removal of the water silos and tanks left a large opening in the roof. The H-line installed by E.E. Austin was not adjusted to accommodate the safety risks and working needs of the DH Steel employees following the removal of the silos and tanks. E.E. Austin did not provide DH Steel or its employees with any other fall protection equipment to be used in conjunction with the H-line. While setting a steel beam across the opening of the roof of the building, Piotrowski fell forward through the opening striking the concrete floor more than fifteen feet below.

Plaintiff alleges that E.E. Austin was negligent by failing to: 1) implement an effective daily inspection plan with its subcontractor's employees; 2) provide an on-site supervisor; 3) failing to adequately protect its subcontractors' employees from safety hazards; 4) train and supervise its subcontractors' employees; 5) provide reasonable oversight of the renovations and construction; 6) conduct reasonable inspections of the worksite so as to ensure its agents, servants, and/or employees were operating in compliance with all relevant OSHA regulations; and 7) designate a competent supervisor to review the feasibility of E.E. Austin's subcontractors' safety program as it relates to fall protection equipment and fall hazards. ECF No. 16-9.

All of these allegations must be taken together and construed liberally in favor of the insured for purposes of this case.[4] Piotrowski's allegations partially base E.E. Austin's liability on its failure to supervise the work of its subcontractors. The factual allegations made by Piotrowski could *potentially* support a conclusion that his injuries were caused in whole or in

---

[4] Under Pennsylvania law, in determining the existence of a duty to defend, the factual allegations of the underlying complaint against the insured are to be taken as true and liberally construed in favor of the insured. Frog, Switch & Mfg Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 746 (3d Cir. 1999).

9

part by DH Steel's acts or omissions. As such, Scottsdale has a duty to defend in the underlying case. See id. at *8, citing Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc., 2 A.3d 526, 541 (Pa. 2010) (an insurer must defend its insured until it becomes absolutely clear that there is no longer a possibility that the insurer owes its insured a defense).

Plaintiff's motion for summary judgment should be granted and Defendant's motion for summary judgment should be denied.

## III. CONCLUSION

It is respectfully recommended that Plaintiff's motion for summary judgment [ECF No. 16] be granted and Defendant's motion for summary judgment [ECF No. 13] be denied.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation by March 16, 2016. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto, but not later than March 30, 2016. See Fed.R.Civ.P. 72(b)(2). No extensions of time will be granted. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: March 2, 2016

10