UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLD REPUBLIC GENERAL INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 15-31<br><br>MEMORANDUM ORDER ADOPTING THE REPORT AND RECOMMENDATION; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Before the Court is Defendant Scottsdale Insurance Company's ("Scottsdale") objection to Magistrate Judge Baxter's Report and Recommendation ("R&R"). The R&R recommends that this Court grant Plaintiff Old Republic General Insurance Corporation's ("Old Republic") motion for summary judgment and hold that Scottsdale has a duty to defend a third-party—E.E. Austin & Son, Inc.—for whom Old Republic is currently paying defense costs. After reviewing the Report and Recommendation, Scottsdale's objections, the briefs, and all other relevant material properly before the Court, the Court adopts the Report and Recommendation's reasoning. The Court's reasoning follows:

BACKGROUND[1]

Erie Water Works—a public utility company—hired E.E. Austin to serve as its general contractor for a construction and renovation project. Doc. No. 16-3. In order to complete this project, E.E. Austin hired DH Steel to serve as its subcontractor for all metal installation. *Id.* While E.E. Austin already had a general insurance policy with Plaintiff Old Republic, the E.E. Austin-DH Steel

---

[1] The Magistrate Judge's Report and Recommendation sets out the factual background of this case at length. The Court will only discuss the factual issues raised by the objection.

agreement required DH Steel to obtain insurance coverage that would indemnify E.E. Austin for any harms stemming from DH Steel's actions during the project.

DH Steel obtained a comprehensive general liability insurance policy from Scottsdale. The policy provides the following covered for "Additional Insured" parties:

> Who is An Insured is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for 'bodily injury' . . . caused in whole or in part, by:
> i.  Your acts or omission; or
>
> ii. The acts or omissions of those acting on your behalf.

Doc. No. 16-4, at 38.

During the policy period, one of DH Steel's employees filed a negligence action in state court, naming E.E. Austin as the sole defendant. The employee's underlying complaint alleged that he was injured while working for DH Steel on the Erie Water Works project. According to the complaint, the employee was injured as a result of E.E. Austin's failure: to implement an effective daily inspection plain with its subcontractor's employees; to provide an on-site supervisor; to train and supervise its DH Steel's employees; and to designate a competent supervisor to review DH Steel's safety program.

As E.E. Austin's general insurance company, Old Republic submitted a request for coverage to Scottsdale. Scottsdale denied the claim on the grounds that the employee's underlying complaint did not expressly state that DH Steel engaged in any acts of negligence and, therefore, did not implicate the Additional Insured Parties provision and was not covered by Scottsdale's policy. Old Republic then filed the present declaratory action in federal court.

2

## LEGAL STANDARD FOR A DUTY TO DEFEND

Generally, a court examining questions of insurance coverage shall grant summary judgment only if the movant shows that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (courts "review all of the evidence in the record . . . [and] draw all reasonable inferences in favor of the nonmoving party"). However, it is well-settled law in Pennsylvania that the duty to defend is broader than the duty to indemnify. *Sikirica v. Nationwide Ins. Co.* 416 F.3d 214, 225 (3d Cir. 2005). In Pennsylvania, the duty to defend arises if there are any facts in the complaint that could "potentially" impose liability upon the insured within the policy's coverage. *Sikirica*, 416 F.3d at 226 (citations omitted). In making this determination, the court must "liberally construe" the allegations in the underlying complaint in favor of the insured. *Frog, Switch, Mfg. Co.*, 193 F.3d at 746. That is, if there are any genuine disputes of fact regarding coverage, the insured party is entitled to summary judgment on the duty to defend. *Erie Ins. Exch. V. Transamerica Ins. Co.*, 516 Pa. 574 (1987).

## DISCUSSION

The R&R concludes that Scottsdale has a duty to defend E.E. Austin because the employee's underlying complaint alleges facts that, if true, would potentially impose liability that falls within the scope of the Scottsdale insurance policy. According to the employee's complaint, the injuries were caused—at least in part—by the actions of DH Steel's employees. The complaint seeks to hold E.E. Austin for negligently supervising DH Steel. That is, by implication, it alleges that E.E. Austin should have prevented DH Steel's employees from engaging in negligent acts which *caused* the employee's injury.

Scottsdale objects to this determination. According to Scottsdale, the employee's complaint does not implicate the Additional Insured provision of the policy because it does not "expressly state" that the DH Steel is liable or potentially liable. The Third Circuit has already found Scottsdale's proffered interpretation of the policy language to be incorrect. In *Ramara, Inc. v. Westfield Ins. Co.*,[2] which involved identical policy language together with a very similarly worded complaint, the Third Circuit held that allegations that a general contractor negligently supervised the subcontractor's employees necessarily imply that the subcontractor's employees caused the injury. Thus, the Magistrate Judge's reasoning in the R&R is correct.

CONCLUSION AND ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Court ADOPTS the reasoning set forth in the Report and Recommendation;
2. GRANTS Old Republic's Motion for Summary Judgment; and
3. DENIES Scottsdale's Motion for Summary Judgment.

*Barbara J. Rothstein*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

---

[2] No. 15-1003, 2016 WL 624801, at *10 (3d Cir. Feb. 17, 2016).